## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **QUIK FOOD INC. D/B/A QUICK FOOD,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | **NO. 4:23-CV-0680-P** |
| **ATLANTIC CASUALTY INSURANCE COMPANY,** | § § § § | **JURY REQUESTED** |
| *Defendant.* | | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW, Quick Food Inc. d/b/a Quick Food, (hereinafter referred to as "Plaintiff"), and files this *Plaintiff's First Amended Complaint*, complaining of Atlantic Casualty Insurance Company ("Defendant"), and for cause of action, and in accordance with the Court's Order (Doc. 6) respectfully amends its pleading as follows:

## PARTIES

1.    Plaintiff, Quick Food Inc. d/b/a Quick Food, is a Texas corporation with its principal place of business in Tarrant County, Texas and has citizenship in Texas.

2.    Defendant, Atlantic Casualty Insurance Company, is a foreign surplus lines insurance company registered with the Texas Department of Insurance engaging in the business of insurance in the State of Texas.

## JURISDICTION AND VENUE

On May 30, 2023, Plaintiff originally filed this lawsuit in District Court for the 48th Judicial District, Tarrant County, Texas, *Quik Food Inc. d/b/a Quick Food v. Atlantic Casualty Insurance Company*, Cause No. 048-342606-23.

3.    On June 30, 2023, removing Defendant filed its Notice of Removal herein (Doc. 1), alleging this Court's jurisdiction over it and Plaintiffs.

4.    The Court has jurisdiction over Defendant because this Defendant engages in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

5.    Venue is proper in this district, because Plaintiff's principal place of business is Tarrant County, Texas, the insured property at issue is situated therein, the events giving rise to this lawsuit occurred therein, and the state court where the lawsuit was originally filed was located within the district.

## CONDITIONS PRECEDENT

6.    Plaintiffs allege generally that all conditions precedent have occurred and/or been performed.

## FACTS

7.    Plaintiff is the owner of Texas insurance policies M360000057 (hereinafter the "Policy"), which was issued by Defendant.

8.    Plaintiff owns the insured property, a convenience store, which is specifically located at 820 Wilshire Boulevard, Euless, Texas 76040 (hereinafter the "Property").

9.    Defendant sold the Policy insuring the Property to Plaintiff.

10.    On or about February 7 or 8, 2021, Plaintiff's Property was subject to a serious theft and/or vandalism.

11.    On or about February 8, 2021 the theft was reported to the local law enforcement agency, and memorialized by the Euless Police Department and Narrative Report dated February 8, 2021 and the Incident Report No. 2100005250 dated February 22, 2021.

12.    On or about February 16, 2021, Plaintiff submitted a claim to Defendant against the Policy for damages the Property sustained as a result of the theft event.

13.    Plaintiff's property was damaged as a result of theft of and/or damage to air conditioning units, copper electrical wiring, and related damages to the facilities and business personal property.

14.    On or about February 16, 2021, Defendant's representative, Rhonda Lukie, opened a claim.

15.    Upon information and belief, Defendant assigned number 01-TX-001829 to the claim.

16.    Plaintiff asked that Defendant cover the cost of repairs to the Property, pursuant to the Policy.

17.    Defendant inspected the property and did not issue a payment to Plaintiff for the damages. Defendant, on multiple occasions failed to properly inspect the property and failed to properly scope the loss by intentionally ignoring areas of damage and turning a blind eye to the true extent of the loss.

18.    Defendant failed its obligation to properly investigate the claim and determine coverage in compliance with the terms of the insurance policy.

19.    Defendant set about to deny and/or underpay on properly covered damages.  As a result of Defendant's unreasonable investigation of the claim, including not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its

investigation and thus denying adequate and sufficient payment to Plaintiff to repair the Property, Plaintiff's claim was improperly adjusted. The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages. To this date, Plaintiff have yet to receive the full payment to which they are entitled under the Policy.

20.     As detailed in the paragraphs below, Defendant wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Defendant underpaid some of Plaintiff's claims by not providing full coverage for the damages sustained by Plaintiff, as well as under-scoping the damages during its investigation.

21.     Plaintiff hired a public adjuster to assist with the claim. Plaintiffs' public adjuster, Coast2Coast Public Adjusters prepared an estimate dated may 21, 2021, in the amount of $454,184.19.

22.     Plaintiff obtained a quote for necessary repair and repair and replacement of the air conditioning systems in the amount of $107,698.83.

23.     Plaintiff presented proof of the losses to Defendant.

24.     To date, Defendant continues to delay the payment for the damages to the property. As such, Plaintiff has not been paid in full for the damages to the Property.

25.     Defendant failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been

carried out and accomplished by the Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

26. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

27. Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

28. Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff have not received full payment for the claim. Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

29. From and after the time Plaintiff's claim was presented to Defendant, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

30.    As a result of Defendant's wrongful acts and omissions and breach, Plaintiff was forced to retain the professional services of the attorney and law firm for representation with respect to these causes of action.

## CAUSES OF ACTION

31.    Defendant is liable to Plaintiff for intentional breach of contract and violations of the Texas Insurance Code.

## BREACH OF CONTRACT

32.    The Policy is a valid, binding, and enforceable contract between Plaintiff and Defendant.

33.    Defendant's conduct constitutes a breach of the insurance contract made between Defendant and Plaintiff.

34.    Defendant's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Defendant's insurance contract with Plaintiff.

35.    The Defendant's breach proximately caused Plaintiff's injuries and damages.

36.    All conditions precedent required under the Policy have been performed, excused, waived, or otherwise satisfied by the Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

37.    The Claim is a claim under an insurance policy with the Defendant of which Plaintiff gave proper notice.  The Defendant is liable for the Claim.  Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are made actionable by TEX. INS. CODE §542.060.

38.    Defendant's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and/or request from Plaintiff all items, statements, and forms that it reasonably

believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of TEX. INS. CODE §542.055.

39.    Defendant's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

40.    Defendant's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

41.    Each of the foregoing unfair settlement practices were completed knowingly by the Defendant and were a producing cause of Plaintiff's injuries and damages.

## <u>BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING</u>

42.    The Defendant breached the common law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the Claim when Defendant knew or should have known that liability was reasonably clear.

43.    Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

44.    Defendant's conduct proximately caused Plaintiff injuries and damages.

## <u>DAMAGES</u>

45.    Upon the trial of this case, it shall be shown Plaintiff sustained damages as a result of Defendant's conduct.  Plaintiff respectfully request the Court and jury award the amount

of loss Plaintiff have incurred in the past and will incur in the future.  There are certain elements of damages to be considered separately and individually for the purpose of determining the sum of money that would fairly and reasonably compensate Plaintiff for injuries, damages, and losses, incurred and to be incurred.  From the date of the occurrence in question until the time of trial of this cause, Plaintiff seek every element of damage allowed by Texas law with respect to the causes of action mentioned above, including but not limited to Plaintiff's actual damages, policy benefits, pre-judgment interest, post-judgment interest, consequential damages, court costs, attorneys' fees, statutory interest.

46.    Plaintiff would show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

47.    The damages caused have not been properly addressed or repaired in the months since the theft, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs.  These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

48.    For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees and pre-judgment interest.

49.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, mental anguish, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times actual damages.  TEX. INS. CODE §541.152.

50. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the claim amount, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

51. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

52. For the prosecution and collection of this claim, Plaintiff have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

53. Plaintiff request a jury trial and have tendered any and all requisite fees for such along with the filing of this *Plaintiff's First Amended Complaint*.

## PRAYER

WHEREFORE, Plaintiff respectfully request that final judgment be rendered for the Plaintiff as follows:

1) Judgment against Defendant for actual damages in an amount to be determined by the jury;

2) Statutory benefits;

3) Pre-judgment interest as provided by law;

4) Post-judgment interest as provided by law;

5) Attorneys' fees;

6) Costs of suit;

7) Such other and further relief to which Plaintiff may be justly entitled.

Respectfully Submitted,

By: _____
    J. Rohlf Jewell
    Texas Bar No. 24046157
    rjewell@hodgefirm.com
    Shaun W. Hodge
    Texas Bar No. 24052995
    shodge@hodgefirm.com
    The Hodge Law Firm, PLLC
    1301 Market Street
    Galveston, Texas 77550
    Telephone: (409) 762-5000
    Facsimile: (409) 763-2300

    ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served on all known

counsel of record on July 14, 2023, in accordance with the Federal Rules of Civil Procedure.

> Steven S. Reilley
> State Bar No. 00791502
> N.D.T.X. ID No. 00791502
> BLUE WILLIAMS, LLC
> 1021 Main, Suite 1950
> Houston, Texas 77002
> Telephone: (713) 658-0880
> Facsimile: (713) 658-0330

**ATTORNEYS FOR DEFENDANT**

_____
J. Rohlf Jewell